FILED
2015 Apr-30  PM 04:36
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| CARLOS MCQUARLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case Number: 2:14-cv-02259-MHH-JHE |
| | ) |
| WARDEN KENNETH JONES and THE | ) |
| ATTORNEY GENERAL | ) |
| OF THE STATE OF ALABAMA, | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM OPINION**

On February 2, 2015, Magistrate Judge John England entered a Report and Recommendation (Doc. 8), recommending that Mr. McQuarley's petition for writ of habeas corpus be dismissed with prejudice as time-barred.  No objections have been filed.

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).   When a party makes timely objections to a Report and Recommendation, the district court "make[s] a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*

When no objections are filed, the district court need not conduct a de novo review. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.")(internal

1

citation omitted). In *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006), the

Eleventh Circuit stated:

> Most circuits agree that "[i]n the absence of a timely filed objection, a district
> court need not conduct a *de novo* review, but instead must only satisfy itself that
> there is no clear error on the face of the record in order to accept the
> recommendation." *Diamond v. Colonial Life & Accident Ins.,* 416 F.3d 310, 315
> (4th Cir. 2005) (quotations omitted); *accord Johnson v. Zema Sys. Corp.,* 170
> F.3d 734, 739 (7th Cir.1999) ("If no objection or only partial objection is made
> [to the magistrate judge's report], the district court judge reviews those unobjected
> portions for clear error."); *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.
> 1989) (noting that the "clearly erroneous" standard is appropriate where there has
> been no objection to the magistrate judge's ruling); *Drywall Tapers & Pointers v.
> Local 530,* 889 F.2d 389, 395 (2d Cir. 1989) ("Where a magistrate [judge] has
> been appointed to conduct an evidentiary hearing, the district court reviews the
> Report and Recommendation under the same clearly erroneous standard.") (citing
> *Wooldridge v. Marlene Indus. Corp.,* 875 F.2d 540, 544 (6th Cir. 1989)).

*Id.* The Eleventh Circuit does not appear to have expressly held that a district court should

review a report and recommendation for plain error in the absence of any objections. However,

other courts in this Circuit have adopted such a position. *Tauber v. Barnhart*, 438 F. Supp. 2d

1366 (N.D. Ga. 2006) ("[I]ssues upon which no specific objections are raised do not so require

*de novo* review; the district court may therefore accept, reject, or modify, in whole or in part, the

findings or recommendations made by the magistrate judge, applying a clearly erroneous

standard.") (internal citations and quotations omitted); *Am. Charities for Reasonable

Fundraising Regulation, Inc. v. Pinellas County,* 278 F. Supp. 2d 1301, 1307 (M.D. Fla. 2003)

("[W]hen no timely and specific objections are filed, case law indicates that the court should

review the findings using a clearly erroneous standard."); *Shuler v. Infinity Property & Gas*,

2013 WL 1346615, at *1 (Mar. 29, 2013) (portions of a report and recommendation "to which no

objections is filed are reviewed only for clear error").

The Court has considered the entire file in this action, together with the report and

recommendation and has reached an independent conclusion that the report and recommendation

should be adopted.  Mr. McQuarley pleaded guilty to a first degree robbery charge.  In his petition, Mr. McQuarley asserts that he committed third degree robbery, not first degree robbery. (Doc. 1, p. 5).  As Magistrate Judge England noted, Mr. McQuarley has not offered new, reliable evidence demonstrating that he is innocent of the charge to which he pleaded guilty.  The Eleventh Circuit also has recognized that "[a]llowing claims of actual innocence to be brought whenever a habeas petitioner argues that he was convicted of an erroneous degree of a crime . . . would substantially expand the scope of the actual innocence exception.  Almost all crimes with degrees could face similar challenges." *Rozzelle v. Sec., Fla. Dep't of Corr.*, 672 F.3d 1000, 1016 (11th Cir. 2012) (affirming denial of a time barred § 2254 petition where petitioner challenged degree of his homicide conviction and explaining that the petitioner's "individual interest in reducing his second degree murder conviction to a lesser included homicide conviction does not make AEDPA unconstitutional nor does it outweigh the 'societal interests in finality, comity, and conservations of scarce judicial resources' that AEDPA's one-year limitation period protects.") (internal citation omitted).

Accordingly, the Court adopts the magistrate judge's report and accepts his recommendation.  The Court will DISMISS the petition for writ of habeas corpus by separate order.

This Court may issue a certificate of appealability "only if the applicant has a made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). To make such a showing, a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations omitted).  The

Court finds that Mr. McQuarley's claims do not satisfy either standard.  Therefore, this Court will not issue a certificate of appealability.

**DONE** and **ORDERED** this April 30, 2015.

**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE

4